[No. 10391–1–I.   Division One.   January 4, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES
ROBERT TAYLOR, *Appellant.*

*Michael H. Rosen,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Jennifer Eychaner, Deputy,* for respondent.

JAMES, J.—James Taylor appeals his conviction under RCW 46.61.024 for "felony flight" (attempting to elude a pursuing police officer). We affirm.

January 12, 1981 Taylor refused to stop when signaled by police. He was arrested after a high speed chase through downtown Seattle. He was jailed and subsequently charged with violating RCW 46.61.024.

Taylor moved to dismiss, arguing "felony flight" was decriminalized by RCW 46.63.020 at the time of his offense. Taylor's motion was denied. Taylor was tried on stipulated evidence and found guilty, with sentencing stayed pending the outcome of this appeal.

In 1979 the legislature "decriminalized" most minor traffic violations, making them traffic "infractions." RCW 46.63.010. The only traffic violations not decriminalized were enumerated in RCW 46.63.020. "Felony flight" was not one of those so enumerated. In the same legislative session, felony flight (RCW 46.61.024), making it a class C felony to attempt to elude a pursuing police officer, was enacted a few days prior to enactment of the decriminalization section. Felony flight was not inserted in RCW 46.63.020 as an exception to decriminalization until after Taylor's arrest. Laws of 1981, ch. 19, § 1, p. 92.

Taylor presents several issues. We first consider whether RCW 46.61.024, "felony flight," was decriminalized and designated a "traffic infraction" by RCW 46.63.020.

RCW 1.12.025 was enacted to provide guidance when this legislative situation occurs:

> If at any session of the legislature there are enacted two or more acts amending the same section of the session laws or of the official code, each amendment without reference to the others, each act shall be given effect to the extent that the amendments do not conflict in purpose, otherwise the act last filed in the office of the secretary of state in point of time, shall control: *Provided,* That if one or more special sessions of the same legislature shall follow any regular session, this rule of construction shall apply to the laws enacted at either, both, any, or all of such sessions.

■ Unless they conflict in purpose, each legislative act must be given effect. The purpose of RCW 46.61.024 was to create a class C felony crime for attempting to elude a pursuing police vehicle. The purpose of RCW 46.63.020 was enunciated in RCW 46.63.010:

> It is the legislative intent in the adoption of this chapter in decriminalizing certain traffic offenses to promote

the public safety and welfare on public highways and to facilitate the implementation of a uniform and expeditious system for the disposition of traffic infractions.

We conclude that the trial judge was correct in holding that the two statutes do not conflict in purpose. RCW 46.61.024 created a serious traffic offense and imposed a felony penalty for its violation. RCW 46.63.020 decriminalized some existing minor traffic offenses. Since the statutory sections do not conflict, the judge was correct in applying RCW 1.12.025 to give effect to each.

Where uncertainty arises from words used by the legislature, a statutory section under construction should be read in context with the entire act and a meaning ascribed to it that avoids strained or absurd consequences. *Standing v. Department of Labor & Indus.*, 92 Wn.2d 463, 598 P.2d 725 (1979). Reading the decriminalization law as a whole, it is evident that the legislature did not intend to decriminalize felony flight.

The legislature intended decriminalization to apply to existing traffic statutes. The fact that the felony flight statute included the serious felony penalty is a strong indication that the legislature intended this to be a newly enacted statute not affected by the decriminalization statute. *See State v. Brasel*, 28 Wn. App. 303, 623 P.2d 696 (1981).

To hold RCW 46.61.024 was decriminalized while the underlying, less serious crimes of failure to stop and give identification to an officer (RCW 46.61.022), reckless driving (RCW 46.61.500), and racing vehicles on highways (RCW 46.61.530), are excepted and retained as crimes would be an absurd interpretation of these statutes. The spirit or intention of the law must prevail. *State v. Brasel.*

Taylor next contends application of the felony penalty of RCW 46.61.024 violates his right to due process of law. Due process requires specificity in penal statutes for two inde-

pendent reasons: (1) so citizens have fair notice of what conduct is proscribed, and (2) to guard against arbitrary enforcement of the laws. *Seattle v. Rice,* 93 Wn.2d 728, 612 P.2d 792 (1980). Taylor concedes he knew what conduct was proscribed.

■ Taylor contends he did not have fair notice of the penalty for the proscribed conduct because the inconsistent statutory provisions permit police and courts to arbitrarily enforce either the traffic infraction or felony penalty against a violator. We do not agree.

The potential for arbitrary enforcement arises from vagueness in the definition of an offense. When statutory vagueness gives rise to doubt about what conduct will result in enforcement, due process is violated. *Seattle v. Rice, supra.* No such doubt existed in this case.

Taylor finally contends that imposition of a felony penalty under RCW 46.61.024 violated his right to equal protection of the law. We do not agree.

The statutory scheme does not authorize two penalties for the same act, as was the case in *Olsen v. Delmore,* 48 Wn.2d 545, 295 P.2d 324 (1956), and *State v. Zornes,* 78 Wn.2d 9, 475 P.2d 109 (1970). RCW 46.61.024 authorizes only one penalty, a class C felony penalty, for attempting to elude a pursuing police vehicle. Our construction of these statutes determines that the legislature intended the felony penalty rather than the infraction penalty to apply to all violators. Application of the statutory penalty is not a denial of equal protection.

Considering the statute as a whole, it is clear the legislature intended to impose the felony penalty specifically provided within the statute rather than to reduce that penalty to an infraction. *See generally State v. Bower,* 28 Wn. App. 704, 626 P.2d 39 (1981). Since they do not conflict in purpose, both statutes were properly given effect. RCW 1.12.025.

848

Affirmed.

ANDERSEN, C.J., and RINGOLD, J., concur.

Reconsideration denied February 23, 1982.

Review granted by Supreme Court April 23, 1982.