[No. 10897-2-I.  Division One.  May 10, 1982.]

THE STATE OF WASHINGTON, *Appellant,* v. JAMES A. DAINARD, *Respondent.*

THE STATE OF WASHINGTON, *Appellant,* v. DANIEL E. LUSE, JR., *Respondent.*

THE STATE OF WASHINGTON, *Appellant,* v. TERESA HANSEN, *Respondent.*

THE STATE OF WASHINGTON, *Appellant,* v. ALEXANDER J. DORCHAK, *Respondent.*

THE STATE OF WASHINGTON, *Appellant,* v. PAUL E. GRANDCHAMP, *Respondent.*

THE STATE OF WASHINGTON, *Appellant,* v. GARY R. STANDALL, *Respondent.*

THE STATE OF WASHINGTON, *Appellant,* v. JEFFERY J. JOHNSON, *Respondent.*

THE STATE OF WASHINGTON, *Appellant,* v. DAVID E. EDEEN, *Respondent.*

THE STATE OF WASHINGTON, *Appellant,* v. WALLACE BYERS, JR., *Respondent.*

THE STATE OF WASHINGTON, *Appellant,* v. STEVEN M. SUELZLE, *Respondent.*

*Russ Juckett, Prosecuting Attorney,* and *Alfred P. Gehri, Alan K. Willert, William Spencer, James Townsend,* and *Randall Yates, Deputies,* for appellant.

*Levy S. Johnston, Gerald Gates,* and *Richard Thorpe* (appointed counsel for appeal) and *Al Lyon, Kim Dupuis, Walter O. Peale III,* and *Brian Phillips* of *Snohomish County Public Defender Association,* for respondents.

RINGOLD, J.—Each of the respondents in these 10 consolidated appeals was charged with "felony flight" for eluding a pursuing police vehicle in violation of RCW 46.61.024. In each case the information filed by the prosecutor was dismissed. In each case, the order of dismissal is predicated on the following findings of fact and conclusions of law:

1. That during the 1981 Legislative session, the State Legislature amended the act decriminalizing traffic offenses, RCW 46.63.020, twice. The first amendment, 1981 Laws, Chapter 19, added "eluding" as one of the enumerated exceptions to RCW 46.63.020 which can be charged as a criminal offense. The second amendment,

1981 Laws, Chapter 318, did not include "eluding" as one of those exceptions that can be charged as a criminal offense.

2. These two amendments are inconsistent with one another since the first amendment refers to "eluding" as a criminal offense and the second amendment requires "eluding" to be treated as a traffic infraction.

3. The most recent amendment to RCW 46.63.020 is complete on its face and supercedes [sic] the prior enactment of RCW 46.63.020 as amended by 1981 Laws, Chapter 19.

4. Furthermore, to read the two amendments together, as suggested by the prosecutor, would be violative of due process. Since the statute as adopted by the Legislature in 1981 Laws, Chapter 318, is complete on its face, an individual reviewing the law would reasonably conclude that "eluding" is a traffic infraction and not a criminal offense. For the Court to conclude otherwise would be to create the crime without giving the public proper notice of the type of conduct that is criminal.

5. Regardless of whether or not the Legislature inadvertently omitted "eluding" from one of the exceptions when adopting Laws 1981, Chapter 318, the Court is not at liberty to create offenses through judicial construction or correcting legislative oversight.

6. Since "eluding" is no longer a crime, the information filed in the above–entitled cause charging the defendant with a felony for violation of RCW 46.61.024, attempting to elude a pursuing police vehicle, is improper and must therefore be dismissed.

The cases were consolidated by a commissioner and referred to the court for decision without argument pursuant to RAP 18.12 and in view of *State v. Taylor,* 30 Wn. App. 844, 638 P.2d 630 (1982).

RCW 46.61.024, passed during the 1979 legislative session, made eluding a pursuing police vehicle a felony. Laws of 1979, 1st Ex. Sess., ch. 75, § 1, p. 1236. RCW 46.63.020, passed during the same 1979 session and without reference to RCW 46.61.024, decriminalized all traffic offenses save those excepted within the statute itself. Laws of 1979, 1st Ex. Sess., ch. 136, § 2, p. 1418. RCW 46.61.024 was not a listed exception. In *State v. Taylor, supra,* we read the

statutes together and sustained a felony prosecution for eluding a police officer for an offense committed on January 12, 1981.

In the 1981 legislative session two Senate bills were introduced amending RCW 46.63.020. The first, Substitute Senate Bill 3080, modified RCW 46.63.020 by adding 5 "excluded" offenses to the list of 33 exceptions already in the statute. "Felony flight" was one of the 5 added offenses. The second, Senate Bill 3776, dealt primarily with vehicle trip permits and in section 2 amended RCW 46.63.020 to add a violation of the vehicle trip permit statute as an "excluded" offense. This second amendment listed the 33 exclusions present in the law before the legislative session but did not list the 5 exclusions added by Substitute Senate Bill 3080. Each amendment was passed without reference to the other. Substitute Senate Bill 3080 became chapter 19 of Laws of 1981 and Senate Bill 3776 became chapter 318 of Laws of 1981.

The argument presented is that because the last legislative enactment of RCW 46.63.020 (Senate Bill 3776) did not include the 5 excluded offenses added by Substitute Senate Bill 3080, it must have been the intent of the legislature that those 5 offenses be deleted by Senate Bill 3776. The issue is whether chapter 318 of Laws of 1981 supersedes chapter 19 of Laws of 1981.

In *Taylor* we relied in part on the policy underlying RCW 1.12.025. That statute is dispositive here. It provides as follows:

> If at any session of the legislature there are enacted two or more acts amending the same section of the session laws or of the official code, each amendment without reference to the others, each act shall be given effect to the extent that the amendments do not conflict in purpose, otherwise the act last filed in the office of the secretary of state in point of time, shall control: *Provided,* That if one or more special sessions of the same legislature shall follow any regular session, this rule of construction shall apply to the laws enacted at either, both, any, or all of such sessions.

The two amendments at issue here were passed at the same session of the legislature without reference to each other, and we cannot discern, despite counsel's arguments to the contrary, any legislative intent to supersede chapter 19 of Laws of 1981 with chapter 318 of Laws of 1981. The two amendments may be read together to add to the list of excluded offenses without conflict. We therefore hold that RCW 46.61.024 continues to be an excluded felony exception to RCW 46.63.020. RCW 1.12.025; *see Copeland Lumber Co. v. Wilkins,* 75 Wn.2d 940, 454 P.2d 821 (1969).

Counsel for the various parties have raised constitutional arguments alleging violations of due process and equal protection. The equal protection arguments do not differ significantly from those raised in *Taylor* and will not be discussed again here. The due process argument suggests the possibility that the respondents did not have proper notice of the proscribed conduct because a person reading chapter 318 of Laws of 1981 would reasonably conclude that "eluding" had been decriminalized and would not be referred to chapter 19 of Laws of 1981 where "eluding" is listed as a felony exception.

We find no defect in the notice provided. The two amendments are printed together in the Revised Code of Washington with a reference to RCW 1.12.025. There is no doubt as to what conduct is proscribed or the penalty therefor. *State v. Taylor, supra; State v. Mather,* 28 Wn. App. 700, 626 P.2d 44 (1981). To hold otherwise would be to endorse enforcement of the law based on a defendant's selective reading of the session laws.

Reversed and remanded.

JAMES and WILLIAMS, JJ., concur.

Reconsideration denied June 15, 1982.

Review denied by Supreme Court October 8, 1982.