[No. 5338–1–II.   Division Two.   July 30, 1982.]

THE STATE OF WASHINGTON, *Appellant,* v. JAMES WAYNE LOMBARDO, *Respondent.*

*John Panesko, Jr., Prosecuting Attorney,* and *Nelson Hunt, Deputy,* for appellant.

*Joseph M. Mano, Jr.,* for respondent.

PETRICH, A.C.J.—The State appeals the dismissal of the felony charge, attempting to elude a pursuing police officer. RCW 46.61.024. The trial court reasoned that RCW 46.63-.020 effectively decriminalized the offense of eluding an officer (RCW 46.61.024) including such offenses awaiting prosecution at the effective date of the decriminalization act. We disagree and accordingly reverse.

In 1979, by Laws of 1979, 1st Ex. Sess., ch. 75, the Legislature created the new felony of attempting to elude a police officer; it was effective September 1, 1979, and codified as RCW 46.61.024. Later in the same session, by chapter 136, codified as RCW 46.63, the Legislature decriminalized most traffic offenses by making them traffic infractions. However, in RCW 46.63.020, certain offenses specifically were not decriminalized. Although this statute originally was to take effect on July 1, 1980, it was later amended to take effect on January 1, 1981. Significantly,

RCW 46.61.024 was not included in this list of exceptions.[1]

On October 22, 1980, defendant was charged by information with violating RCW 46.61.024 on October 19, 1980. Trial was set for January 14, 1981, at which time the court dismissed the charge pursuant to defendant's motion. Defendant argued that RCW 46.63.020 amended RCW 46.61.024 by making such offense a traffic infraction rather than a crime, and that by implication this modification was effective as to pending prosecutions of such offenses.

This case raises two issues. First, whether the Legislature actually intended RCW 46.63.020 to effectively modify RCW 46.61.024; second, whether RCW 46.63.020 reasonably and fairly conveyed the intention that its modification, if any, of RCW 46.61.024 be effective as to pending prosecutions. Because the second issue is fully dispositive, we need not address the first issue.

The general saving statute, RCW 10.01.040, which denies application of a repeal statute to pending cases absent an express or reasonably implied legislative intent to the contrary, applies in the instant situation.[2]

■ At common law, where a statute is repealed, all pending litigation must be decided according to the state of the law at the time of the decision. Since RCW 10.01.040 is in derogation of the common law, it must be strictly construed. *State v. Zornes*, 78 Wn.2d 9, 475 P.2d 109 (1970); *Marble v. Clein*, 55 Wn.2d 315, 347 P.2d 830 (1959). Thus,

---

[1]After January 1, 1981, the Legislature attempted to cure this omission by adding RCW 46.61.024 to the list of exceptions in RCW 46.63.020. Laws of 1981, ch. 19. However, conflict was again created when the same Legislature later omitted RCW 46.61.024 in another list of exceptions. Laws of 1981, ch. 318.

[2]Our decision does not rest on *State v. Taylor*, 30 Wn. App. 844, 638 P.2d 630 (1982) or *State v. Dainard*, 31 Wn. App. 828, 644 P.2d 1222 (1982). *Taylor* dealt with an eluding incident which occurred in January 1981 after the effective date of RCW 46.63.020, but before the 1981 amendments exempting RCW 46.61.024 from the effects of decriminalization. *Dainard* dealt with still later eluding incidents which occurred after the effect of another later 1981 amendment that added an additional exemption to the decriminalization act yet did not include RCW 46.61.024. We are here dealing with an incident which occurred before the effective date of the decriminalization statute.

courts have held that a repealing statute need not state in express terms an intention to affect pending litigation; rather, the statute must reasonably and fairly convey such intention. *See State v. Grant,* 89 Wn.2d 678, 575 P.2d 210 (1978); *State v. Zornes, supra.*

For example, *Grant,* at page 682, held that the language in RCW 70.96A.010—"intoxicated persons may not be subjected to criminal prosecution solely because of their consumption of alcoholic beverages . . ."—was an express declaration of legislative intent that no person shall go *to trial* on such a charge after the effective date of the act. Thus, it held that Grant could not be tried de novo subsequent to this date.

The court below found great similarity between the above quoted language in *Grant* and the language in RCW 46.63.020 providing that a violation of any act prohibited by RCW Title 46 is "designated as a traffic infraction and may not be classified as a criminal offense" except for those offenses specifically enumerated. Consequently, it concluded that RCW 46.63.020 reasonably conveyed the legislative intention that it apply to pending prosecutions under RCW 46.61.024.

█ We disagree for two reasons. First, the statutory language in *Grant* specifically dealt with persons being subjected to criminal prosecution after the statute's effective date. The language in RCW 46.63.020, by contrast, only focuses on the proper classification of the underlying violation after its effective date; no language suggests that it should apply to pending prosecutions.

Second, Laws of 1980, ch. 128, § 9 states the following: "The provisions of chapter 136, Laws of 1979 ex. sess. and this 1980 act shall take effect on January 1, 1981, and shall apply to violations of the traffic laws committed on or after January 1, 1981." Here we clearly see that the Legislature was solely concerned that violations of RCW Title 46 be classified as traffic infractions after the effective date. Conversely, it was concerned neither that such violations were classified as criminal offenses prior to January 1, 1981, nor

that such offenses could be prosecuted subsequent to such date.

Thus, even if the decriminalization statute effectively repealed the felony flight statute in the case before us, we see no language that even remotely suggests an intention that it apply to a pending charge of a felony flight committed prior to its effective date. *Cf. State v. Hernandez*, 20 Wn. App. 225, 581 P.2d 157 (1978) (rape laws).

We reverse the order and remand for further proceedings.

PETRIE and WORSWICK, JJ., concur.

Reconsideration denied August 25, 1982.