
# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

STATE OF WASHINGTON,      )
            )    No. 75257-0-I
      Respondent,    )
            )    DIVISION ONE
   v.                )
            )
RANDY ALLEN HARKEY,     )    UNPUBLISHED OPINION
            )
      Appellant.     )    FILED: October 2, 2017

SPEARMAN, J. — Evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the State and drawing all reasonable inferences in the State's favor, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. Randy Allen Harkey challenges the sufficiency of the evidence supporting his conviction for eluding a police vehicle. He contends that the evidence does not establish that he failed to stop his car as soon as reasonably possible. But the evidence was sufficient for a rational juror to conclude that Harkey could have stopped sooner. We affirm.

## FACTS

Harkey was speeding on a two lane rural road late one night. He passed a marked sheriff's vehicle. The patrol car activated its lights and siren. Harkey continued to drive about 70 mph with the patrol car in pursuit. After about half a mile, Harkey braked, made a sudden turn into his driveway, and got out of the

car. The sheriff's sergeant ordered him to stop. Harkey jumped over a nearby fence and fled on foot. A K-9 team tracked Harkey and he was taken into custody. Harkey was convicted of attempting to elude a police vehicle.[1] He appeals.

## DISCUSSION

Harkey contends that the evidence was insufficient to support his conviction. Sufficiency of the evidence is a question of law that we review de novo. State v. Rich, 184 Wn.2d 897, 903, 365 P.3d 746 (2016) (citing State v. Berg, 181 Wn.2d 857, 867, 337 P.3d 310 (2014)). Evidence is sufficient if, viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Id. (citing State v. Green, 94 Wn.2d 216, 221, 661 P.2d 628 (1980)). A challenge to the sufficiency of the evidence admits the truth of the State's evidence and all reasonable inferences that could be drawn from that evidence. State v. Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992) (citing State v. Theroff, 25 Wn. App. 590, 593, 608 P.2d 1254, aff'd, 95 Wn.2d 385, 622 P.2d 1240 (1980)).

A person is guilty of attempting to elude a police vehicle when he or she "willfully fails or refuses to immediately bring his or her vehicle to a stop and who drives his or her vehicle in a reckless manner while attempting to elude a pursuing police vehicle, after being given a visual or audible signal to bring the

---

[1] Harkey was also convicted of driving with a suspended license and bail jumping. Those convictions are not at issue in this appeal.

vehicle to a stop, . . ." RCW 46.61.024(1). In the context of the statute, "immediately" means "as soon as reasonably possible." State v. Sherman, 98 Wn.2d 53, 57, 653 P.2d 612 (1982).

Whether a person acted "immediately" is a question of fact for the jury. Kim v. Lakeside Adult Family Home, 185 Wn.2d 532, 552, 374 P.3d 121 (2016) (citing Sherman, 98 Wn.2d at 57). In Sherman, the court upheld the jury's conclusion that the defendant failed to stop immediately where he drove about a mile after being signaled. Sherman, 98 Wn.2d at 55, 57. In State v. Perez, 166 Wn. App. 55, 59, 61, 269 P.3d 372 (2012), this court held that the evidence was sufficient to support the jury's conclusion that the defendant willfully failed to stop immediately where, after being signaled to stop, the defendant accelerated, drove through an intersection, stopped his car in a parking lot, and ran.

In this case, Sergeant Greg Sanders of the Snohomish County Sheriff's Office testified that he activated his lights and siren when Harkey's car passed him at a high rate of speed. Sanders testified that Harkey continued to accelerate after the lights and siren came on. He estimated that Harkey was driving at least 70 mph in a 40 mph zone. Sanders stated that Harkey did not signal or give any indication that he was going to pull over. When Sanders caught up to Harkey, Harkey made a quick turn into a driveway. Sanders followed and ordered Harkey to stop. Harkey got out of his car, jumped over a fence, and disappeared on foot. Id. Sanders later learned that the driveway led to Harkey's own residence.

Sanders stated that the distance from where he activated the lights and siren to the driveway was about .4 mile. Sanders described this section of the

3

road as narrow with no shoulder. He stated that there were driveways on the left and open property on the right. Sanders stated that there was probably not room for a car to pull off the road to the right. During the incident with Harkey, there were no other vehicles on the road.

Harkey contends that the State failed to prove that he did not stop his car immediately. He asserts that he stopped less than one half mile from where he was signaled and, at 70 mph, he would have travelled that distance in about 20 seconds. Harkey relies on Sanders' testimony concerning the lack of a shoulder as evidence that it was not reasonably possible for him to pull over before he reached the driveway. He argues that there was no need for him to slow down to look for a safe place to stop because he knew his own driveway was not far away.

We reject this argument. Sanders testified that, after he activated the lights and siren, Harkey continued to accelerate and traveled .4 mile. The road in this section did not have a shoulder, but there were no other cars on the road and there were driveways on the left. In addition, when Harkey turned into his driveway, he did so without signaling and then fled on foot when the officer ordered him to stop. When viewed in the light most favorable to the State, a reasonable inference from this evidence is that rather than looking for an earlier opportunity to pull over, Harkey instead chose not to stop after being signaled to do so by the officer. This evidence supports a conclusion that Harkey did not stop as soon as reasonably possible and is thus sufficient to support Harkey's conviction.

No. 75257-0-I/5

The State asks us to assess appellate costs against Harkey. Appellate costs are awarded to the substantially prevailing party unless the "offender does not have the current or likely future ability to pay such costs." RAP 14.2. Where a trial court makes a finding of indigency, that finding remains throughout review "unless the commissioner or clerk determines by a preponderance of the evidence that the offender's financial circumstances have significantly improved since the last determination of indigency." Id.

The trial court found Harkey indigent. If the State has evidence indicating that Harkey's financial circumstances have significantly improved since the trial court's finding, it may file a motion for costs with the commissioner. State v. St. Clare, 198 Wn. App. 371, 382, 393 P.3d 836 (2017).

Affirmed.

WE CONCUR: