[No. 7609–4–I.   Division One.   June 30, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. OMISHER
DOWELL, *Appellant.*

*Mahoney & Driscoll* and *Phil Mahoney,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *David Lord,
Deputy,* for respondent.

DURHAM–DIVELBISS, J.—Defendant appeals from her conviction of robbery in the first degree, and from the court's revocation of probation granted for a prior offense.

On December 20, 1978, upon arriving late for his job as janitor at the Town Theatre on Seattle's Pike Street and finding himself locked out, the victim was accosted by three young women who pushed him into an alley, searched his person, and eventually left with $27 of his money. The defendant Omisher Dowell, one of the ladies, was identified by the victim as wielding a knife and threatening to summarily render him eunuchoid. Ms. Dowell testified that she had been merely plying her trade as a prostitute, and that the victim, a customer, had raised hue and cry only when her efforts on his behalf left him less than satisfied. The knife admitted into evidence had a blade of 2 1/2 inches.

A jury found the defendant guilty of robbery in the first degree, and also rendered a special verdict that the defendant was not armed with a deadly weapon at the time she committed the crime. The court sentenced the defendant to a maximum of 20 years in prison, and revoked her probation on an earlier conviction of theft in the second degree, sentencing her to 5 years concurrent with the 20–year term. Both cases are consolidated for purposes of this appeal.

■■ Defendant first argues that the trial court erred in failing to instruct the jury that the crime of unlawfully carrying a weapon (RCW 9.41.270)[1] is a lesser included offense

---

[1]RCW 9.41.270 states, in pertinent part:

"(1) It shall be unlawful for anyone to carry, exhibit, display or draw any firearm, dagger, sword, knife or other cutting or stabbing instrument, club, or any other weapon apparently capable of producing bodily harm, in a manner, under circumstances, and at a time and place that either manifests an intent to intimidate another or that warrants alarm for the safety of other persons.

"(2) Any person violating the provisions of subsection (1) above shall be guilty of a gross misdemeanor."

of robbery in the first degree (RCW 9A.56.200).[2] Citing *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978), defendant argues that an instruction on a lesser included offense must be given if two conditions are met: (1) each of the elements of the lesser offense is a necessary element of the offense charged; and (2) the evidence supports an inference that the lesser crime was committed. *See also State v. O'Neal,* 23 Wn. App. 899, 600 P.2d 570 (1979).

The 2–prong test enunciated in *State v. Workman, supra,* is satisfied here. As for the first prong, the state Supreme Court has held that the element of carrying a weapon under RCW 9.41.270 is a necessary element of the greater crime of first–degree robbery, and that the element of circumstances warranting alarm under the lesser offense is an inherent characteristic of a robbery attempt. *State v. Workman, supra* at 448. Applying the same analysis, it is clear that the element of circumstances manifesting an intent to intimidate another is an inherent characteristic of first–degree robbery. As for the second prong, the evidence supports an inference that the lesser crime was committed because it shows that the defendant carried a knife under circumstances that "manifest[ed] an intent to intimidate another . . ." RCW 9.41.270.

The State argues that the court's failure to give the lesser included offense instruction is harmless error because there is sufficient evidence to convict the defendant of robbery in the first degree. We disagree. If the 2–pronged *Workman* test is satisfied, the defendant must be allowed an instruction on the lesser included offense if she so requests. *State v. Workman, supra; State v. O'Neal,* 23 Wn. App. 899, 600

---

[2]RCW 9A.56.200 states:

"(1) A person is guilty of robbery in the first degree if in the commission of a robbery or of immediate flight therefrom, he:

"(a) Is armed with a deadly weapon; or

"(b) Displays what appears to be a firearm or other deadly weapon; or

"(c) Inflicts bodily injury.

"(2) Robbery in the first degree is a class A felony."

P.2d 570 (1979); *see also* RCW 10.61.006. The State concedes that the instruction was properly requested at trial.

Defendant next contends that the special verdict form is inconsistent with the jury's finding that the defendant was guilty of robbery in the first degree and, therefore, a new trial is mandated. Because our decision on the lesser included instruction will require a new trial, we need not reach this issue nor discuss the trial court's refusal to allow testimony regarding the victim's alleged marital aspirations with the defendant.

Finally, the defendant assigns error to the court's revocation of her prior probation, which appeared to be based upon her conviction for the instant robbery. The revocation of probationary status is a determination that rests almost exclusively within the sound discretion of the trial court. *State v. Riddell,* 75 Wn.2d 85, 449 P.2d 97 (1968). However, if probation for an earlier conviction is revoked solely on the basis of a new conviction that we subsequently reverse and remand for a new trial, the trial court must hold a new probation revocation hearing. *State v. Christopher,* 20 Wn. App. 755, 583 P.2d 638 (1978).

In the present case, we have reviewed the record of the probation revocation hearing and find it impossible to conclude with any certainty that the sole basis for the trial court's revocation of Ms. Dowell's probation in her earlier theft conviction was the robbery conviction below. The 17–page record from that hearing shows that the trial court had before it considerable information from counsel and defendant's probation officer regarding Ms. Dowell's background and activities since her prior conviction. Because the record is unclear as to the precise reason or reasons why the trial court revoked Ms. Dowell's probation in her theft conviction, we remand for specific findings as to the basis for the trial court's ruling.

Reversed and remanded for a new trial consistent with this opinion.

SWANSON and RINGOLD, JJ., concur.

Reconsideration denied August 6, 1980.

Review denied by Supreme Court October 24, 1980.