[No. 49969–1.   En Banc.   June 28, 1984.]

THE STATE OF WASHINGTON, *Respondent*, v. PATRICK OLIN PARKER, *Petitioner*.

162

*Nancy L. Talner* of *Washington Appellate Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Robert A. Weppner, Deputy,* for respondent.

DORE, J.—Petitioner appeals from a conviction of felony flight from a police officer, RCW 46.61.024. He claims that the trial court erred in refusing to give his proposed instruction on the lesser included offense of misdemeanor reckless driving, and that the Court of Appeals erred in finding such error harmless. We agree and reverse.

On May 28, 1980, at approximately 11:30 p.m., two marked Seattle police cars, with activated emergency signals, began pursuing Patrick Olin Parker through the streets of Seattle. Parker traveled through medium–density traffic at speeds up to 80 m.p.h., ran through several red lights, and barely avoided collision with several cars before hanging his car on an embankment and being forced to stop. Upon exiting his vehicle, he fled from the police. He was immediately apprehended after a brief confrontation. His arm was broken in this struggle, and he was taken to the hospital. He was then taken to a police precinct for a Breathalyzer test which he refused to take without the approval of his attorney, whom he was unable to contact.

The arresting officer testified that Parker showed definite signs of intoxication; his face was flushed and blotchy; his eyes were watery and bloodshot; his gait was unsteady; and

he smelled strongly of alcohol. The officer concluded that his driving had been impaired by his state of intoxication.

Parker testified that he had imbibed two 1–shot scotches with business associates earlier that evening and had then proceeded to a friend's nearby home where he drank one bourbon and Coke. Shortly after his last drink, while driving home, petitioner noticed that nothing looked, felt, or seemed in perspective, and that the whole world had turned "spongy". His only thought was to get home. He also testified that the defroster on his car was not functioning and that he had difficulty seeing out the windows. Parker "woke–up" from this state when he felt the arresting officer on top of him and heard his arm "snap". At the time of arrest and at the time of trial, he was unable to remember the wild chase through the Seattle streets.

The trial court gave the jury instructions on felony flight and intoxication, but refused to grant Parker's request to give instructions on the lesser included offense of reckless driving. The Court of Appeals affirmed, holding that, although the misdemeanor of reckless driving is a lesser included offense of felony flight from a police officer, the trial court's failure to give the reckless driving instruction was harmless error. It reasoned that the jury's finding of guilt necessarily constituted a rejection of petitioner's intoxication defense, and that the jury, therefore, would have convicted him of felony flight had the lesser included offense instruction been given. *State v. Parker,* 35 Wn. App. 650, 654, 668 P.2d 1319 (1983).

RCW 10.61.006 provides that a defendant "may be found guilty of an offense the commission of which is necessarily included within that with which he is charged . . .". Over 80 years ago, this court discussed this statute and held:

> Inasmuch, then, as the law gives the defendant the unqualified right to have the inferior degree passed upon by the jury, it is not within the province of the court to say that the defendant was not prejudiced by the refusal of the court to submit that phase of the case to the jury,

or to speculate upon probable results in the absence of such instructions. If there is even the slightest evidence that the defendant may have committed the degree of the offense inferior to and included in the one charged, the law of such inferior degree ought to be given.

*State v. Young,* 22 Wash. 273, 276–77, 60 P. 650 (1900). This court has adhered to this test and has never held that, where there is evidence to support a lesser included offense instruction, failure to give such an instruction may be harmless. *See, e.g., State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978).

In *Workman,* we set forth a 2–prong test for determining whether a lesser included offense instruction must be given.

First, each of the elements of the lesser offense must be a necessary element of the offense charged. Second, the evidence in the case must support an inference that the lesser crime was committed.

(Citations omitted.) *Workman,* at 447–48.

The first prong of the *Workman* analysis is satisfied here. The felony flight statute, former RCW 46.61.024, provided:

Any driver of a motor vehicle who *wilfully fails or refuses* to immediately bring his vehicle to a stop and who drives his vehicle in a manner indicating a *wanton and wilful* disregard for the lives or property of others while *attempting to elude a pursuing police vehicle,* after being given a visual or audible signal to bring the vehicle to a stop, shall be guilty of a class C felony. The signal given by the police officer may be by hand, voice, emergency light, or siren. The officer giving such a signal shall be in uniform and his vehicle shall be appropriately marked showing it to be an official police vehicle.

(Italics ours.) RCW 46.61.500, misdemeanor reckless driving, provides:

(1) Any person who drives any vehicle in *wilful* or *wanton* disregard for the safety of persons or property is guilty of reckless driving.

(Italics ours.)

As is readily apparent, reckless driving requires either a willful *or* wanton disregard for the safety of others while felony flight requires *both* a willful and wanton disregard.

Thus, as the Court of Appeals concluded, it would be "impossible to drive with the 'wanton and wilful disregard' prohibited by the felony flight statute without driving with the 'wilful or wanton disregard' which is the gravamen of reckless driving." *Parker,* at 653. Under *Workman,* therefore, reckless driving is a lesser included offense of felony flight.

The second prong of the *Workman* analysis is that the evidence in the case must support an inference that the lesser crime was committed. The Court of Appeals held that because the jury necessarily rejected the defense of intoxication in reaching its verdict that petitioner was guilty of the willful conduct which constitutes felony flight, there was no reason to conclude that a verdict on the lesser included offense would result if the jury was so instructed. This "harmless error" holding is in the nature of a finding that the second prong of *Workman* is lacking. The Court of Appeals opinion implies that because felony flight has a mental state of "wanton and wilful disregard", and misdemeanor reckless driving has a mental state of "wanton or wilful disregard", the jury could not have entered a guilty verdict on either charge had it accepted the intoxication defense.

This reasoning fails to recognize the additional mental state elements necessary for felony flight conviction. In addition to the element of "wanton and wilful disregard", felony flight contains the mental states of "wilfully fails" to stop and "attempting to elude a pursuing police vehicle". RCW 46.61.024.

> Obviously, the statute [RCW 46.61.024] does contain culpable mental elements. One must "willfully fail to stop" and "attempt to elude."

*State v. Sherman,* 98 Wn.2d 53, 58, 653 P.2d 612 (1982).

The evidence in the case supports an inference that the lesser crime was committed. There was substantial evidence that the defendant was intoxicated at the time of the alleged offense and the trial court so instructed. At the time of arrest and at trial, defendant was unable to remember

the chase through the streets of Seattle. The jury could have found that the defendant was not so intoxicated as to act without "wilful and wanton disregard", but intoxicated to a degree preventing knowledge that he was eluding a pursuing police vehicle.

The Court of Appeals here presumes from the jury's verdict of guilt on felony flight that the intoxication defense was rejected and a retrial would produce no different result. This ignores the fact that the jury had no way of using the intoxication evidence short of outright acquitting Parker, because they were never told that the option of the lesser included offense existed.

Regardless of the plausibility of this circumstance, the defendant had an absolute right to have the jury consider the lesser included offense on which there is evidence to support an inference it was committed. *State v. Jones,* 95 Wn.2d 616, 628 P.2d 472 (1981); *State v. Dowell,* 26 Wn. App. 629, 613 P.2d 197, *review denied,* 94 Wn.2d 1018 (1980).

The trial court committed prejudicial error in failing to instruct on the lesser included offense of reckless driving. We set aside petitioner's conviction and remand for a new trial in accordance with the provisions of this opinion.

WILLIAMS, C.J., ROSELLINI, BRACHTENBACH, and PEARSON, JJ., and CUNNINGHAM, J. Pro Tem., concur.

UTTER, J. (dissenting)—Both prongs of the test set forth in *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978) must be satisfied before a lesser included offense instruction is required to be given. Under the facts here, there was no evidence upon which to acquit petitioner of the greater crime of felony flight while convicting him of the lesser crime of reckless driving. Therefore, the second prong of the *Workman* test was not satisfied and the trial court did not err in refusing to give the instruction on the lesser offense.

The 2–prong test set forth in *Workman* is a distillation

of principles to which this court has adhered for nearly a century. For example, in *State v. Young,* 22 Wash. 273, 60 P. 650 (1900), we accorded defendant the right to have the jury consider the lesser offense if evidence existed to support it. In *State v. Kruger,* 60 Wash. 542, 111 P. 769 (1910), we stressed that such evidence must, in fact, exist before the lesser included offense instruction is given. "It was never the intent of the law to submit a possible verdict upon a so–called included crime because *included in law. It must be included in fact,* and by the facts of the particular case." (Italics mine.) *State v. Kruger, supra* at 544.

This same rule has been accepted by the Supreme Court and the majority of jurisdictions which require there to be sufficient facts to permit "a jury rationally to find [defendant] guilty of the lesser offense and acquit him of the greater" before a lesser included offense instruction is given. *Keeble v. United States,* 412 U.S. 205, 208, 36 L. Ed. 2d 844, 93 S. Ct. 1993 (1973); *Beck v. Alabama,* 447 U.S. 625, 637, 65 L. Ed. 2d 392, 100 S. Ct. 2382 (1980).

Application of this rule is illustrated by our two recent cases of *State v. Workman, supra,* and *State v. Jones,* 95 Wn.2d 616, 628 P.2d 472 (1981). In *Workman,* defendants had concealed themselves behind the pay booth of a late night gas station; they were carrying a sawed–off rifle and admittedly intended to rob the station. However, they testified that after waiting behind the booth they decided to abandon their plan. They were apprehended in a nearby alley. Defendants were each convicted of attempted first degree robbery. A new trial was granted by the superior court in each case due, in part, to the trial court's failure to instruct on the lesser included offense of unlawfully carrying a weapon. We affirmed, because the facts proffered to the jury would have supported acquittal of attempted first degree robbery and conviction of the lesser included offense of unlawfully carrying a dangerous weapon. While our discussion there focused upon the facts which supported a conviction of the lesser crime, it was equally apparent that the facts as presented would have permitted the jury to

find defendants had failed to take the "substantial step" necessary to conviction of attempted robbery. *Workman,* at 449–52.

Similarly, in *State v. Jones, supra,* we found that failure to give the lesser included manslaughter instruction in a prosecution for murder in the second degree was reversible error. In *Jones,* appellant presented the jury with an intoxication defense which, if believed, could have reduced appellant's conviction to manslaughter. We there noted that

> Without the manslaughter instruction . . . the jury was required either to find appellant guilty of second degree murder or to acquit him altogether. The refusal to give the manslaughter instruction prevented appellant from presenting his theory that the killing was unintentional by reason of his intoxication. This refusal was reversible error.

(Citation omitted.) *Jones,* at 623.

In contrast, in order for the jury here to have determined that petitioner was guilty of felony flight, it had to have found him conscious and capable of forming a purposeful mental state. It had to find that he: (1) willfully failed or refused to stop, (2) drove with a wanton and willful disregard for the lives or property of others, and (3) attempted to elude a police vehicle. RCW 46.61.024; *State v. Sherman,* 98 Wn.2d 53, 58, 653 P.2d 612 (1982). The crime of reckless driving also requires the jury to find a defendant conscious and capable of forming a purposeful mental state; he, too, must be found capable of driving with a "wilful or wanton" disregard for the safety of others. RCW 46.61.500; WPIC 95.10.

The majority here looks beyond the mental state required by both crimes to the additional expressions of this State required by the felony flight statute and concludes: "The jury could have found that the defendant was not so intoxicated as to act without 'wilful and wanton disregard', but intoxicated to a degree preventing knowledge that he was eluding a pursuing police vehicle." Majority, at

166. Assuming it is possible simultaneously to be conscious and capable of forming the specific mental state required by both statutes, while incapable of recognizing a pursuing police vehicle with lights flashing and siren blaring, the record here is devoid of support for the majority's conclusion that petitioner had achieved this state.

What the majority ignores in reaching its conclusion is that the jury would need to disregard both the evidence presented by the State and petitioner, in addition to their respective theories, in order to find petitioner guilty of reckless driving. Under the State's theory, petitioner was capable of forming the mental state required to convict him of both felony flight and reckless driving. This merely supports the first prong of the *Workman* test that reckless driving is a lesser included offense of felony flight. *See State v. Roybal,* 82 Wn.2d 577, 583, 512 P.2d 718 (1973) (if it is impossible to commit the greater crime without also committing the lesser crime, the latter is an included offense).

Petitioner's theory of the case precluded him from arguing to the jury that he was guilty of reckless driving, because his defense disavowed his capacity to form the intent required by that statute as well. Petitioner testified that he was so intoxicated at the time of the incident that he was not capable of conscious or purposeful thought or behavior: he did not consciously see or attempt to elude his pursuers; he had been rendered an automaton. Thus, even had the requested reckless driving instruction been given, petitioner's own defense would have permitted the jury no choice but to convict him of the greater charge or acquit him altogether.

Consequently, the danger presented in *Workman* and *Jones,* that defendant was precluded from having the jury consider his defense by the court's failure to give an instruction on the lesser included offense, is not present here.

The majority tacitly abandons the second prong of *Workman* when it hypothesizes that some unspecified facts

in the record might have led the jury to convict on the lesser charge. This conclusion is unfortunate. The second prong of *Workman* serves the important purpose of preventing verdicts based on mere conjecture and sympathy. This purpose is met only when the jury can, consistent with the facts presented, acquit defendant of the greater charge while convicting him of the lesser.

In this case, the only basis upon which the jury could have found petitioner guilty of reckless driving, alone, is sympathy. For these reasons, I would affirm the trial court.

DOLLIVER and DIMMICK, JJ., concur with UTTER, J.