[No. 53518-3. En Banc. November 12, 1987.]

THE STATE OF WASHINGTON, *Petitioner,* v. ROY BENJAMIN SOUTHERLAND, *Respondent.*

*Dennis DeFelice, Prosecuting Attorney,* and *Johnette Sullivan, Deputy,* for petitioner.

*Roy Benjamin Southerland,* pro se, and *Katherine Steele Knox,* for respondent.

UTTER, J.—The factual background of this case is set out in the decision of the Court of Appeals, *State v. Southerland,* 45 Wn. App. 885, 728 P.2d 1079 (1986). The State challenges the decision of the Court of Appeals reversing Roy Southerland's burglary and assault convictions. It contends that even if the trial court erred in failing to instruct the jury on criminal trespass as a lesser included offense of burglary, the Court of Appeals should not have vacated the assault convictions.

The Court of Appeals was correct in its legal analysis regarding the failure of the trial court to instruct the jury on criminal trespass and in its conclusion that such failure was reversible error under the facts of this case with regard to the burglary conviction. We hereby adopt that portion of the decision of the Court of Appeals. We find, however, the failure to instruct on criminal trespass was harmless error as to the three assault convictions and therefore reinstate those convictions.

This court presumes the failure of the trial court properly to instruct the jury to be prejudicial to Souther-

land, unless the error affirmatively appears harmless. *See State v. Belmarez,* 101 Wn.2d 212, 216, 676 P.2d 492 (1984). Because the right to a lesser included offense instruction derives from a statute, RCW 10.61.006; *State v. Parker,* 102 Wn.2d 161, 163–64, 683 P.2d 189 (1984), the "error is not prejudicial unless, within reasonable probabilities, had the error not occurred, the outcome of the trial would have been materially affected." *State v. Cunningham,* 93 Wn.2d 823, 831, 613 P.2d 1139 (1980).

A jury is presumed to follow the instructions of the court. *State v. Costello,* 59 Wn.2d 325, 332, 367 P.2d 816 (1962). The trial court's instruction 4 informed the jury:

> A separate crime is charged in each count. You must decide each count separately as if it were a separate trial. Your verdict on one count should not control your verdict on any other count.

Clerk's Papers, at 75. The trial court then instructed that to convict on the various assault counts, the jury need only find that Southerland "knowingly assaulted [the victim] with a weapon or other instrument or thing likely to produce bodily harm" and that the acts occurred in Franklin County. Instructions 14–16, Clerk's Papers, at 85–87.

Southerland has not identified any logical reason why the court's failure to instruct on criminal trespass should have had any effect on the jury's deliberations on the assault charges. The failure to give the criminal trespass instruction restricted the jury's consideration of the evidence on the burglary charge. Short of outright acquitting Southerland of burglary, the jurors had no opportunity to use Southerland's denial of remaining on the premises with the intent to commit a crime because they were never told the lesser included offense of criminal trespass existed. *Cf. Parker,* at 166. With respect to the assault charges, on the other hand, the jury was not denied the opportunity to convict on a lesser included offense. The failure to instruct on criminal trespass was harmless error as to the assault convictions.

We affirm the reversal and remand of the burglary con-

viction but reinstate the assault convictions.

PEARSON, C.J., and BRACHTENBACH, DOLLIVER, DORE, ANDERSEN, CALLOW, GOODLOE, and DURHAM, JJ., concur.