# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69949-1-I |
| Respondent, | ) ) | |
| | ) | DIVISION ONE |
| v. | ) ) | UNPUBLISHED OPINION |
| OLLIE FANIEL RICHARD, | ) ) | |
| Appellant. | ) | FILED: December 23, 2013 |

2013 DEC 23 AM 9: 17

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

PER CURIAM. Ollie Richard appeals his conviction for possession of methamphetamine. He contends the prosecutor committed misconduct when, in response to defense arguments that "we know" the police plant drugs on innocent people, he asked the jurors to consider their experiences with police, that they depend on them, and that the officers patrol on their bicycles even in the rain. We affirm.

## FACTS

On November 11, 2011, police arrested Richard on an outstanding warrant and discovered methamphetamine during a search of his person incident to arrest. The State charged him with violating the Uniform Controlled Substances Act, chapter 69.50 RCW.

At trial, the State presented testimony of three officers and a forensic scientist. Richard testified in his defense. He denied possessing drugs and accused the police of arresting him for drugs that were in their possession, not his.

During closing argument, defense counsel argued in part:

> Common sense and experience? Yeah, sure. <u>We know from common sense and experience that the officers in question were</u> working a proactive unit -- in other words looking for things --

<u>looking for things to do</u> -- and what Mr. Richard described to you, ladies and gentleman, is proactivity on the part of the officers. <u>They huddled. Voila, the substance appeared.</u>

<u>It may be disturbing but based on what we know from our common experience, indeed these things happen.</u>

. . . .

<u>This is what really happens out there.</u>[1]

In rebuttal, the following exchange occurred:

[Prosecutor]: Just because Mr. Richard said that on the stand does not mean you have to accept it because you are the sole judges of the credibility of witnesses.

It is not just Officer Hatzenbuehler being accused here, it is all three of them. It is all three officers, and I submit to you, <u>using your common sense, your reason, your life experiences, you depend upon these people every day. Every time it rains those patrol officers are on their bicycles</u> --

[Defense Counsel]: Objection, that is improper at this point, Your Honor.

[The Court]: Mr. Hamilton, if you could move on?

[Prosecutor]: We ask you to reject that testimony. He had the drugs, he was caught, and it is drugs. It was tested by the lab and it was confirmed. Thank you.[2]

A jury convicted Richard as charged. He appeals.

## ANALYSIS

Richard contends the prosecutor's rebuttal arguments amounted to misconduct. To prevail on a claim of prosecutorial misconduct, the defendant must establish "that the prosecutor's conduct was both improper and prejudicial

---

[1] (Emphasis added.)
[2] (Emphasis added.)

2

in the context of the entire record and the circumstances at trial."[3]   Otherwise improper remarks "are not grounds for reversal if they were invited or provoked by defense counsel and are in reply to his or her acts and statements, unless the remarks are not a pertinent reply or are so prejudicial that a curative instruction would be ineffective."[4]

Here, the challenged remarks were made in direct response to defense counsel's argument that "[c]ommon sense and experience" indicate that police officers conspire to plant drugs on innocent people.  The prosecutor called on the jury to consider other common experiences with police, including their dependability and devotion to duty.  These remarks were a direct and arguably pertinent response to Richard's argument.

But even assuming the remarks were not pertinent, Richard cannot establish prejudice.  Improper remarks are prejudicial only if there is a substantial likelihood that the instances of misconduct affected the verdict.[5]  Richard asserts that the prosecutor's remarks were "highly charged" and an attempt "to arouse the sympathies and fears of the jurors . . . ."  We disagree with this characterization.  The prosecutor's comments were relatively benign, especially in comparison to defense counsel's accusations of police misconduct.

---

[3] State v. Thorgerson, 172 Wn.2d 438, 442, 258 P.3d 43 (2011) (internal quotations marks omitted) (citing State v. Magers, 164 Wn.2d 174, 191, 189 P.3d 126 (2008)).
[4] State v. Lewis, 156 Wn. App. 230, 240, 233 P.3d 891 (2010) (citing State v. Warren, 165 Wn.2d 17, 30, 195 P.3d 940 (2008); State v. Russell, 125 Wn.2d 24, 86, 882 P.2d 747 (1994).
[5] Thorgerson, 172 Wn.2d at 442-43 (quoting Magers, 164 Wn.2d at 191).

Importantly, the remarks were extremely brief and the court instructed the jury to disregard remarks not supported by the evidence and to base their decision on the facts and the law, not on sympathy. We presume that juries follow the court's instructions.[6] In these circumstances, there is no substantial likelihood the remarks affected the verdict.[7]

Affirmed.

FOR THE COURT:

Cox, J.

Grose

Jau, J.

---

[6] State v. Southerland, 109 Wn.2d 389, 391, 745 P.2d 33 (1987).
[7] State v. Warren, 134 Wn. App. 44, 69, 138 P.3d 1081 (2006) (holding that isolated comments are not likely to affect verdict).