# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 57936-7-II |
| Respondent, | |
| v. | |
| SHELDON LINN HOLLAND, | UNPUBLISHED OPINION |
| Appellant, | |
| SONTOSHA LYNN DUCKETT, | |
| Defendant. | |

GLASGOW, C.J.—Sheldon Linn Holland was charged with second degree theft after he and a woman were caught shoplifting from a store. At trial, he proposed a lesser-degree instruction for third degree theft, arguing that the jury could find he did not steal enough merchandise to constitute second degree theft. The trial court refused to issue the lesser-degree instruction, relying on the test articulated in *State v. Fernandez-Medina*.[1] The jury convicted Holland.

Holland appeals. He argues that the trial court relied on the wrong legal standard in rejecting the proposed instruction. Under the correct test, he asserts the jury could have found that he stole less than $750 worth of merchandise, the minimum amount required to convict him of second degree theft. He also raises several additional arguments challenging his conviction in a statement of additional grounds (SAG). The State concedes that the trial court relied on the wrong legal standard in rejecting the lesser-degree instruction.

---

[1] 141 Wn.2d 448, 6 P.3d 1150 (2000).

We accept the State's concession, reverse Holland's conviction, and remand for a new trial. Because we reverse the conviction, we need not reach the contentions in Holland's SAG.

FACTS

Police responded to a clothing store because of a report about a woman causing a disturbance in the store while looking for a car key that she had lost. The dispatch also reported that the woman and a man were seen shoplifting from the store.

Upon arriving at the store, police found a woman matching the description of the person causing a disturbance in a vehicle in the parking lot. Several shoeboxes and mesh bags from the store were visible in the vehicle's cargo area. The store typically provided mesh bags instead of shopping carts for customers to carry merchandise while they shopped inside the store. The store then retained the mesh bags when customers purchased items, and it provided paper bags to transport items out of the store. The woman initially refused to talk to police, but she eventually consented to let police return the merchandise from the vehicle to the store.

Police found Holland near the front door of the store. Holland told them that he was looking for his sister's car keys but refused to identify the woman to police. Holland's wallet was in the back seat of the woman's vehicle.

The State charged Holland with second degree theft. To convict someone of second degree theft, a jury must find that the person stole property exceeding $750 but less than $5,000 in value. RCW 9A.56.040(1)(a). Theft of property that is worth less than $750 constitutes third degree theft. RCW 9A.56.050(1).

At trial, a store employee testified that he saw both Holland and the woman each leave the store carrying multiple mesh bags of merchandise that they did not pay for. The employee was not

sure whether they walked into the store together. Although the employee saw Holland and the woman talk to each other while they were in the store, they were primarily in different areas of the store, and they left several minutes apart. The employee watched each of them leave carrying two to three mesh bags of merchandise that they did not pay for. He saw Holland carrying "probably four or five pairs of shoes" in boxes that were in the bags. Verbatim Rep. of Proc. (VRP) at 179. The most expensive shoes he saw Holland take, which were identifiable because they were sold in orange boxes, sold for about $99. Another employee estimated that each mesh bag could fit four to five shoeboxes.

Overall, 21 pairs of shoes and 5 apparel items were recovered from the vehicle. Not all of the shoes were in boxes. The total value of the store's merchandise recovered from the vehicle was approximately $1,750.

Holland requested a lesser-degree instruction that would have allowed the jury to convict him of third degree theft. He argued that if the jury did not apply accomplice liability to hold him responsible for the woman's thefts, then it could find that he stole less than $750 worth of merchandise, based on how many shoeboxes he was seen stealing and the price of the shoes. He also argued that, because not all of the shoes in the car were in boxes, the jury could find that some of them had been stolen in a different theft because there was not time to unbox the shoes before Holland and the woman were arrested.

The State argued that under *Fernandez-Medina*, "'The evidence must raise an inference that only the lesser-included inferior degree . . . was committed to the exclusion of the charged offense.'" VRP at 259-60.

The trial court refused to give the instruction. It stated that it was "adhering to the test announced in . . . *Fernandez-Medina*." VRP at 263. The trial court explained, "[O]ne of the elements for the Court to give that [lesser-degree] instruction is that there's evidence that the defendant committed only the inferior offense." VRP at 262. "And here, even though there may be evidence that [Holland] perhaps committed theft in the third degree, it does not meet the test that he committed *only* theft in the third degree." *Id.* (emphasis added).

In closing argument, defense counsel conceded that Holland had stolen five pairs of shoes but argued that the value that Holland alone stole could not have exceeded $750. The jury, nevertheless, convicted Holland of second degree theft. The trial court imposed a sentence of 16 months, the middle of the standard sentencing range.

Holland appeals.

ANALYSIS

Holland argues, and the State concedes, that the trial court relied on the incorrect legal standard to reject Holland's proposed lesser-degree instruction. We accept the State's concession.

We review a trial court's refusal to give a jury instruction based on a question of law de novo. *State v. Walker*, 136 Wn.2d 767, 772, 966 P.2d 883 (1998). We review a refusal to give an instruction based on a question of fact for abuse of discretion. *Id*. at 771-72. Here, the trial court acknowledged that there was "evidence that [Holland] perhaps committed theft in the third degree" but refused to give the lesser-degree instruction under a legal test requiring evidence "that [Holland] committed only theft in the third degree." VRP at 262. An erroneous failure to instruct on a lesser offense is prejudicial, so the remedy is a new trial. *State v. Parker*, 102 Wn.2d 161, 166, 683 P.2d 189 (1984).

4

When a defendant is charged with "an offense consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the indictment or information, and guilty of any degree inferior thereto." RCW 10.61.003. A defendant is entitled to an instruction about a lesser-included or lesser-degree offense when they satisfy the legal prong that "each of the elements of the lesser offense is a necessary element of the offense charged" and the factual prong that "evidence in the case supports an inference that the lesser crime was committed." *State v. Coryell*, 197 Wn.2d 397, 400, 483 P.3d 98 (2021) (citing *State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978)).

*Fernandez-Medina* generated confusion about the factual prong of *Workman* by asserting that "the evidence must raise an inference that *only* the lesser included/inferior degree offense was committed to the exclusion of the charged offense." 141 Wn.2d at 455. The Washington Supreme Court has since explained that the factual prong of *Workman* is satisfied if "based on some evidence admitted, the jury could reject the greater charge and return a guilty verdict on the lesser." *Coryell*, 197 Wn.2d at 407.

Holland was charged with second degree theft under RCW 9A.56.040(1)(a), which requires the theft of property or services to exceed $750 in value but not to exceed $5,000 in value. Holland sought a lesser-degree instruction for third degree theft, which occurs when a person steals property or services that do not exceed $750 in value. RCW 9A.56.050(1)(a). Thus, Holland was entitled to the lesser-degree instruction as long as there was evidence to support an inference that he committed third degree theft by taking goods worth $749 or less. *Coryell*, 197 Wn.2d at 400.

Here, although merchandise totaling roughly $1,750 in value was recovered from the vehicle, there was evidence that some of the merchandise was stolen at a different time, and it was

not clear whether the items that Holland was seen leaving the store with exceeded $750 in value. This evidence supports an inference that Holland may have committed only third degree theft, especially if the jury did not find that he was an accomplice to the woman's theft. The trial court refused to give the lesser-degree instruction on the basis that "even though there may be evidence that [Holland] perhaps committed theft in the third degree, it does not meet the test that he committed only theft in the third degree." VRP at 262. This was an error and we must reverse Holland's conviction. *Parker*, 102 Wn.2d at 166.

## CONCLUSION

We reverse and remand for a new trial. Because we reverse, we need not reach the contentions in Holland's SAG.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, C.J.

We concur:

Veljacic, J.

Price, J.